**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| KYLE HANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | |
| | § | |
| MAMADIYOR ISMATOV, ORM LOGISTICS LLC, LLEETTA TRUCKING, INC., ROYCE TRUCK AND TRAILER REPAIR SHOP LLC, GOLDEN RIDE TRANSPORT LLC, KHAMIDILLO ABDUMUXTOROV, AMAZON.COM, INC., AMAZON LOGISTICS, INC., and AMAZON.COM SERVICES, LLC, | § | CIVIL ACTION NO. 1:25-CV-00503 |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services, LLC's (collectively, "Amazon Defendants") Rule 12(b)(6) Motion to Dismiss (#27) the Plaintiff's First Amended Complaint (#18). Plaintiff Kyle Haney ("Haney") filed a response to Amazon Defendants' motion (#32). Having considered the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On or about January 26, 2025, Haney and Defendant Mamadiyor Ismatov ("Ismatov") were involved in a collision on IH-10 westbound in Orange County, Texas. Haney contends that Ismatov, who was driving a 2019 blue Kenworth tractor-trailer, struck Haney's vehicle. The impact caused Haney to collide with the highway's concrete barrier, and Ismatov's 18-wheeler

erupted into flames. Haney alleges the collision was caused by Ismatov's "numerous negligent acts and omissions" while driving. Haney maintains that he sustained personal injuries and damages as a result of the collision.

Haney asserts that at the time of the collision, Ismatov was in the course and scope of his employment with Defendant ORM Logistics ("ORM") and/or Defendant Lleetta Trucking ("Lleetta") and/or Amazon Defendants. Haney specifically alleges that Ismatov was transporting cargo for Amazon Defendants under the authority of ORM and/or Lleetta. Haney explains that ORM and/or Lleetta primarily carried loads of freight for Amazon on a drop-and-hook basis, meaning that ORM and/or Lleetta supplied the truck and driver and connected the truck to pre-loaded trailers owned and supplied by Amazon Defendants. Haney further contends that Ismatov was transporting Amazon cargo, on an Amazon-owned trailer, from an Amazon warehouse in Pennsylvania to an Amazon Fulfilment Center in Houston, Texas, when the collision occurred.

Haney initiated this suit on October 8, 2025, and filed his First Amended Complaint on February 5, 2026.[1] In the First Amended Complaint (#18), Haney asserts claims of negligence per se and negligence against Ismatov; respondeat superior and negligent hiring, training, and supervision against Amazon Defendants, ORM, and Lleetta; and negligent entrustment against "Defendants."

Amazon Defendants filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), wherein they assert Haney's claims are preempted under the Federal Aviation

[1] Haney maintains that this court has jurisdiction over this case because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

Administration Authorization Act, 49 U.S.C. § 14501 (“FAAAA”). Amazon Defendants also summarily contend that Haney’s claims are based on insufficient bare assertions and legal conclusions which cannot withstand a motion to dismiss.

II. Analysis

A. Dismissal Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is “appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.” *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order “[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face”); *Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025); *Spano ex rel. C.S. v. Whole Foods, Inc.*, 65 F.4th 260, 262 (5th Cir. 2023) (quoting *Innova Hosp. San Antonio, Ltd. P’ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018)). Such a motion is “not meant to resolve disputed facts or test the merits of a lawsuit” and “instead must show that, even in the plaintiff’s best-case scenario, the complaint does not state a plausible case for relief.” *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020); *accord Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2019). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hernandez v. Mesa*, 582 U.S. 548, 550 (2017); *Benfer v. City of Baytown*, 120

F.4th 1272, 1279 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1313 (2025); *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021); *IberiaBank Corp. v. Ill. Union Ins. Co*, 953 F.3d 339, 345 (5th Cir. 2020) (citing *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013)). The court, however, does not "strain to find inferences favorable to the plaintiff[]" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004); *accord Ruvalcaba v. Angleton Indep. Sch. Dist.*, No. 20-40491, 2022 WL 340592, at *3 (5th Cir. Feb. 4, 2022); *Stringer v. Town of Jonesboro*, 986 F.3d 502, 512 (5th Cir. 2021); *see Damond*, 127 F.4th at 938 ("A claim is . . . frivolous when it 'lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).

"[T]he plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Oscar Renda Contracting, Inc. v. Lubbock*, 463 F.3d 378, 381 (5th Cir. 2006) (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)); *Damond*, 127 F.4th at 938; *Ramming*, 281 F.3d at 161. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Cambric v. City of Corpus Christi*, 170 F.4th 321, 324 (5th Cir. 2026); *Doe as Next Friend Doe v. Jewel*, 151 F.4th 236, 244 (5th Cir. 2025); *Willis v. W. Power Sports, Inc.*, No. 23-10687, 2024 WL 448354, at *1 (5th Cir. Feb. 6, 2024); *Spano ex rel. C.S.*, 65 F.4th at 262; *King v. Baylor Univ.*, 46 F.4th 344, 355 (5th Cir. 2022). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting

*Iqbal*, 556 U.S. at 678); *accord King*, 46 F.4th at 355. Hence, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Walker*, 938 F.3d at 734 (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)); *see Damond*, 127 F.4th at 937-38 (noting that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (quoting *Iqbal*, 556 U.S. at 678)); *King*, 46 F.4th at 355.

"[A] motion to dismiss under [Rule] 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *accord Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000)); *IberiaBank Corp.*, 953 F.3d at 345; *Leal*, 731 F.3d at 410. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins*, 224 F.3d at 498; *accord CH Offshore, Ltd. v. Mexiship Ocean CCC S.A. de C.V.*, 163 F.4th 171, 184 (5th Cir. 2025); *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (noting that at the 12(b)(6) stage the court's task "is to determine whether the plaintiff [has] stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success"), *abrogated on other grounds by Hamilton*, 79 F.4th 494; *Leal*, 731 F.3d at 410. "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)); *accord Yazdi v. Lafayette Par. Sch. Bd.*, No. 6:18-CV-00510, 2020 WL 5876703, at *2 (W.D. La. Sept. 30, 2020).

A Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Damond*, 127 F.4th at 937; *Benfer*, 120 F.4th at 1279; *King*, 46 F.4th at 355; *IberiaBank Corp.*, 953 F.3d at 345 (quoting *Iqbal*, 556 U.S. at 678); *Zastrow v. Hous. Auto Imps. Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015). "Facial plausibility is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Benfer*, 120 F.4th at 1279 (quoting *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021)); *Damond*, 127 F.4th at 937; *accord Hamilton v. Dallas County*, 79 F.4th 494, 499 (5th Cir. 2023); *King*, 46 F.4th at 355-56.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Walker*, 938 F.3d at 735 (quoting *Iqbal*, 556 U.S. at 678); *accord King*, 46 F.4th at 356. "Factual allegations that are 'merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Walker*, 938 F.3d at 735. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678); *accord Damond*, 127 F.4th at 938 ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002))); *King*, 46 F.4th at 356 ("[C]ourts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" (quoting *Plotkin*

*v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005))). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *Shaw*, 918 F.3d at 419.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *Wells v. Tex. Tech Univ.*, No. 24-10518, 2025 WL 673439, at *2 (5th Cir. Mar. 3, 2025); *Shaw*, 918 F.3d at 419. In other words, to state a cognizable cause of action, the complaint must allege sufficient facts to "nudge" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Leal*, 731 F.3d at 410; *see Walker*, 938 F.3d at 734 (quoting *Grubbs*, 565 F.3d at 186). Generally, at the 12(b)(6) stage, a plaintiff is simply required to inform the defendants of the factual basis of his complaint in order to avoid dismissal for failure to state a claim. *See Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (citing FED. R. CIV. P. 8(a)(2)); *Groden v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016).

Federal Rule of Civil Procedure 11(b)(3) permits a party to represent that certain "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3); *accord Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-CV-00419-JRG, 2025 WL 364075, at *9 (E.D. Tex. Jan. 31, 2025); *Leary v. State Farm & Cas. Co.*, No. 3:11-145, 2012 WL 604338, at *12 (W.D. Pa. Feb. 24, 2012). Moreover, "[t]he pleading of alternative theories is expressly permitted by Federal Rule of Civil Procedure 8(d)(2)." *Leary*, 2012 WL 604338, at *12 (citing FED. R. CIV. P. 8(d)(2)); *accord Henderson v. Wells Fargo Bank*, 779 F. Supp. 3d 910, 918 n.4 (S.D. Tex. 2025); *League of United Latin Am. Citizens v. Abbott*, 767 F.

Supp. 3d 393, 402 (W.D. Tex. 2025). Haney is not required to prove the truth of his allegations at the pleading stage. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *Leary*, 2012 WL 604338, at *12; *Orion Labs Tech, LLC v. Sprinklr, Inc.*, No. A-25-CV-1100-RP, 2026 WL 653591, at *3 (W.D. Tex. Jan. 28, 2026); *Oinonen v. TRX, Inc.*, No. 3:09-CV-1450, 2010 WL 2217870, at *2 n.21 (N.D. Tex. June 1, 2010).

B. Federal Aviation Administration Authorization Act Preemption

Amazon Defendants argue that Haney's claims are expressly preempted by the FAAAA. The Supremacy Clause of the United States Constitution empowers Congress to enact laws that supersede state law by means of an express provision in a federal statute or by implication. *See* U.S. CONST. art. VI; *Kansas v. Garcia*, 589 U.S. 191, 202-03 (2020); *Va. Uranium, Inc. v. Warren*, 587 U.S. 761, 767 (2019); *Arizona v. United States*, 567 U.S. 387, 398-99 (2012); *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000); *Zyla Life Scis., L.L.C. v. Wells Pharma of Hous., L.L.C.*, 134 F.4th 326, 328 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 2775 (2026). When determining whether a federal statute or regulation preempts state law, "the purpose of Congress is the ultimate touchstone." *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150, 163 (2016); *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996); *Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 704 (5th Cir. 2022); *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 875 (5th Cir. 2021); *United Motorcoach Ass'n, Inc. v. City of Austin*, 851 F.3d 489, 492 (5th Cir. 2017).

Congress can show preemptive intent either expressly through the statute or regulation's language or impliedly through its aim and structure. *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76

(2008); *Zyla Life Scis., L.L.C.*, 134 F.4th at 328; *Union Pac. R.R. Co.*, 41 F.4th at 704; *United Motorcoach Ass'n*, 851 F.3d at 492.

Congress enacted the FAAAA to address issues that arose from state regulation of the interstate trucking industry. *Montgomery v. Caribe Transp. II, LLC*, 608 U.S. 219, 223 (2026). Today, the FAAAA applies to motor carriers of passengers or property, as well as to freight forwarders and brokers. 49 U.S.C. § 14501(a)-(c). The FAAAA expressly preempts states from enacting laws related to the "price, route, or service of any motor carrier. . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.'" 49 U.S.C. § 14501(c)(1); *Montgomery*, 608 U.S. at 224. While the FAAAA's preemption authority is broad, it does contain exceptions. *Montgomery*, 608 U.S. at 224; *see* 49 U.S.C. § 14501(c)(2)-(4). Relevant here, the FAAAA exempts laws or regulations related to motor vehicle safety. 49 U.S.C. § 14501(c)(2)(A). Specifically, the safety exception states that the express preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A).

Thus, to determine preemption, the court must decide: (1) whether the state law sought to be enforced "relates to broker rates, routes, or services, or has a significant economic effect on them"; and (2) whether "the safety exception nevertheless prevent[s] preemption." *Grupo Gusi S. de P.R. de R.L. de C.V. v. Select Transp. Partners, LLC*, No. CV H-26-120, 2026 WL 1804233, at *2 (S.D. Tex. June 23, 2026) (quoting *Farfan v. Old Dominion Freight Line, Inc.*, 744 F. Supp. 3d 763, 767 (S.D. Tex. 2024)).

Amazon Defendants contend that the claims against them are preempted by the FAAAA. Haney disputes that the FAAAA's preemption provision applies because Amazon Defendants are

"shippers," rather than "motor carriers."[2] Haney asserts that the FAAAA's preemption provision does not include the word "shipper" and that "[i]f Congress wished to include shippers in the preemption provision, it surely could have done so." Haney reads the preemption provision too narrowly. As noted above, the preemption provision extends to state laws "*related to* a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.'" 49 U.S.C. § 14501(c)(1) (emphasis added); *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013); *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008). "The phrase 'related to,' . . . embraces state laws 'having a connection with or reference to' carrier 'rates, routes, or services,' whether directly or indirectly." *Dan's City Used Cars, Inc.*, 569 U.S. at 260 (quoting *Rowe*, 552 U.S. at 370)). Here, Haney's state law causes of action against Amazon Defendants, as shippers, are connected to the carriers' rates, routes, or services. *Cf. Rowe*, 552 U.S. at 370 (holding that state regulation of tobacco shippers was preempted even though the state regulation directed "shippers what to choose rather than carriers what to do"). Accordingly, the court finds that the FAAAA preemption provision applies to Haney's claims against Amazon Defendants.

Thus, the court must consider whether the safety exception to the preemption provision also applies. The First Amended Complaint includes causes of action for respondeat superior, negligent hiring, training, and supervision, and negligent entrustment against Amazon Defendants. After the parties submitted their briefing related to this issue, the Supreme Court of the United States held negligent hiring claims against brokers fall within the safety exception of the FAAAA.

---

[2] Haney's First Amended Complaint, however, describes Amazon Defendants as "the shipper and the carrier."

*Montgomery*, 608 U.S. at 227. In determining that the safety exception applied, the Court observed "common-law duties and standards of care form part of a State's authority to regulate safety." *Id*. at 226. Thus, the question of preemption "boils down to whether negligent-hiring claims of the type [the plaintiff] presses are claims 'with respect to motor vehicles.'" *Id*. (quoting 29 § 14501(c)(2)(A)). The Court held "a claim is 'with respect to motor vehicles' if it 'concerns' or 'regards' the vehicles used in transportation." *Id*. at 226-27. Thus, the Court reasoned that the plaintiff's claim of negligent hiring, which was based on the broker's failure "to exercise ordinary care in selecting a carrier," concerns motor vehicles, and, therefore, the plaintiff's negligent-hiring claim fell within the FAAAA's safety exception. *Id*. at 227. As explained below, the Supreme Court's reasoning applies to Haney's claims of respondeat superior, negligent hiring, training, and supervision, and negligent entrustment against Amazon Defendants.

1. <u>Respondeat Superior</u>

Under the doctrine of respondeat superior, an employer may be liable for the negligence of its employee if the employee's negligent conduct is committed within the course and scope of his employment. *See Christian v. Williams*, No. 3:24-CV-941-BN, 2025 WL 1725784, at *9 (N.D. Tex. Jun. 25, 2025) (quoting *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007); *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541-42 (Tex. 2002); *Baptist Mem'l Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 947 (Tex. 1998) (citing *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995); RESTATEMENT (SECOND) OF AGENCY § 219 (1958)).

Haney's claim of respondeat superior clearly relates to motor vehicles. The First Amended Complaint alleges that Amazon Defendants were the statutory employers of ORM, Lleetta, and

Ismatov. The pleading further asserts that ORM, Lleetta, and Ismatov were subject to the control of Amazon Defendants, were acting as employees or agents of Amazon Defendants, and were acting in the course and scope of such agency or employment at the time of the collision giving rise to this suit. Thus, under the facts as pleaded by Haney, any negligence of ORM, Lleetta, or Ismatov in relation to the collision would be attributable to Amazon Defendants under respondeat superior. Hence, this cause of action involves the "safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A).

2. <u>Negligent hiring, supervision, and training</u>

Negligent hiring, training, and supervision are based on an employer's direct negligence rather than its vicarious liability for the torts of its employees. *Weathers v. Campbell Energy & Env't Servs., Inc.*, No. 12-25-00045-CV, 2025 WL 3301164 (Tex. App.—Tyler Nov. 26, 2025, no pet.) (citing *Doe v. YUM! Brands, Inc.*, 639 S.W.3d 214, 225 (Tex. App.—Houston [1st Dist.] 2021, no pet.)); *Zarzana v. Ashley*, 218 S.W.3d 152, 157-58 (Tex. App.—Houston [14th Dist.] 2007, pet. struck) (citing *Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 97 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

Like the plaintiff's negligent hiring claim at issue in *Montgomery*, Haney's negligent hiring claim against Amazon Defendants involves their failure to exercise ordinary care in selecting ORM, Lleetta, as well as Ismatov to transport Amazon's cargo and trailer. Accordingly, the claim concerns motor vehicles used in transportation, and therefore, the safety exception applies. Under the same reasoning, Haney's negligent supervision and training claims also fall within the safety exception. Haney's assertions that Amazon Defendants failed to use ordinary care to ensure

Ismatov was a safe competent driver, thereby resulting in the collision and Haney's injuries, necessarily "concerns" or "regards" the safety of motor vehicles.

3. Negligent Entrustment

"The doctrine of negligent entrustment is that the owner of a vehicle who knowingly turns it over to an incompetent driver is liable for wrong committed by such driver." *Rodgers v. McFarland*, 402 S.W.2d 208, 210 (Tex. Civ. App.—El Paso 1966, writ ref'd n.r.e.); *see Magee v. G & H Towing Co.*, 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Haney alleges Amazon Defendants entrusted Ismatov with an Amazon-owner trailer that was pre-loaded with Amazon cargo. A trailer is considered a "motor vehicle" for purposes of the FAAAA. *See* 29 U.S.C. § 13102 ("The term 'motor vehicle' means a vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation, or a combination determined by the Secretary."). The pleading further provides that Amazon Defendants knew or should have known that Ismatov was incompetent and unfit for the driving/hauling job being performed at the time of the collision and that Amazon Defendants' failure to ensure Ismatov could safely transport the load was the proximate cause of the collision. Thus, Haney's negligent entrustment cause of action concerns the safe operation of motor vehicles, and, therefore, falls within the safety exception.

C. Rule 12(b)(6) Analysis

Amazon Defendants allege Haney has not pled his claims with sufficient particularity to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. Specifically, Amazon Defendants succinctly assert that Haney "made no factual allegations that Amazon exercised (or had the right to exercise) sufficient control over the driver to establish an agency relationship or

committed negligent acts or omissions." Amazon Defendants do not specify what is lacking with respect to each cause of action, but rather generally refer collectively to Haney's "claims." As explained below, the pleading provides enough facts to support each cause of action against Amazon Defendants.

1. Respondeat Superior

To establish that an employee was acting within the course and scope of employment, the plaintiff must prove that the act was committed within the scope of the general authority given to the employee, in furtherance of the employer's business, and for the accomplishment of the object for which the employee was hired. *City of Houston v. Barfield*, No. 01-25-00467-CV, 2026 WL 1501182, at *2 (Tex. App.—Houston [1st Dist.] May 28, 2026, no pet. h.) (citing *Goodyear Tire & Rubber Co.*, 236 S.W.3d at 757); *accord Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971).

In his First Amended Complaint (#18), as stated above, Haney maintains that Amazon Defendants were the statutory employers of ORM, Lleetta, and Ismatov. The pleading further asserts that ORM, Lleetta, and Ismatov were subject to the control of Amazon Defendants, were acting as employees or agents of Amazon Defendants, and were acting in the course and scope of such agency or employment at the time of the collision giving rise to this suit. Thus, Haney has stated a claim for respondeat superior against Amazon Defendants.

2. Negligent hiring, supervision, and training

To recover in a negligence action, the plaintiff must prove: (1) a legal duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) damages proximately caused by the

breach. *Aldaco v. Wood*, 740 S.W.3d 521, 527 (Tex. 2026) (quoting *City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex. 1987)); *Tenaris Bay City Inc. v. Ellisor*, 718 S.W.3d 193, 197 (Tex. 2025). Thus, an employer cannot be held liable for negligent hiring, training, supervision, or retention unless the employer owed a duty to the injured party. *See Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021); *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 953 (Tex. 1996) (noting that "[i]n a negligence case, the threshold inquiry is whether a duty exists as a matter of law") (citing *Greater Hous. Transp. Co.*, 801 S.W.2d at 525)). To prove an employer owed such a duty in the context of negligent supervision, the plaintiff must establish that there was an employer-employee relationship. *Udoewa v. Plus4Credit Union*, No. H-08-3054, 2009 WL 1856055, at *5 (N.D. Tex. June 29, 2009); *see Walgreens v. McKenzie*, 713 S.W.3d 394, 399 (Tex. 2025) (recognizing that a negligent hiring, training, or supervision claim requires proof of the employer's negligence in hiring, training, and supervising the employee as well as the employee's subsequent negligent act or omission, both of which must proximately cause the injury). As such, a plaintiff cannot recover for negligent supervision absent factual averments demonstrating that he or the alleged wrongdoer was employed by the defendant. *Udoewa*, 2009 WL 1856055, at *5 ("Under Texas law, only the corporate employer has a duty to supervise."); *Garcia*, 2006 WL 298156, at *2; *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.) (referring to liability for negligent hiring, retention, and supervision as *employer* liability) (emphasis added); *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *cf. Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996) (stating that the "fundamental problem" with plaintiff's recovery against defendants for negligent hiring was that defendant "did not hire [the alleged wrongdoer]").

Further, the employer's negligence in hiring, training, and supervising the employee must be the proximate cause of the injuries sustained by the plaintiff. *Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 540 (Tex. 2025); *Dieter*, 739 S.W.2d at 408; *see McDorman ex rel. Connelly v. Tex.-Cola Leasing Co. LP., LLP*, 288 F. Supp. 2d 796, 805 (N.D. Tex. 2003) (explaining that there must be a nexus between a prior conviction and the accident in question in order to establish liability for negligent hiring); *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006) (quoting *Doe*, 907 S.W.2d at 477). "Were such a connection not required, an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee." *Dieter*, 739 S.W.2d at 408.

As previously stated, Haney pleaded an employer-employee relationship between Amazon Defendants and ORM, Lleetta, and Ismatov. The pleading further alleges that Amazon Defendants owed a duty to the traveling public to act reasonably in hiring, training, and supervising employees and agents to drive tractor-trailers on the public roadways in a safe, competent manner and that they breached this duty. Haney also contends that Amazon Defendants failed to use ordinary care and ensure that Ismatov was a safe, competent driver and that this failure was the proximate cause of Haney's injuries. Accordingly, the pleading provides sufficient support for the causes of action alleging negligent hiring, training, and supervision against Amazon Defendants.

3. <u>Negligent Entrustment</u>

To recover for negligent entrustment, the plaintiff must establish: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent or reckless driver; (3) that the owner should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident.

*De Blanc ex rel. Ests. of De Blanc v. Jensen*, 59 S.W.3d 373, 375-76 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987); *Soodeen v. Rychel*, 802 S.W.2d 361, 362 (Tex. App.—Houston [1st Dist.] 1990, writ denied)); *Garcia v. Cross*, 27 S.W.3d 152, 155 (Tex. App.—San Antonio 2000, no pet.).

Haney's negligent entrustment claim against Amazon Defendants is premised on their entrustment of a truck and/or trailer to Ismatov. Haney states that Amazon Defendants knew or should have known that Ismatov was incompetent and unfit to drive the truck hauling a trailer full of cargo. The pleading asserts that Ismatov committed numerous negligent acts that proximately caused the collision. Haney has sufficiently stated a cause of action for negligent entrustment against Amazon Defendants.

III. Conclusion

Although the FAAAA's express preemption provision applies to Haney's claims, they are not preempted because they fall within the safety exception. Moreover, Haney alleges sufficient facts under the pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure to survive a motion to dismiss on his claims against Amazon. *See Twombly*, 550 U.S. at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Rule 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512 (citing *Conley*, 355 U.S. at 47-48; *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168-69 (1993)). Further, the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11. Haney has pleaded sufficient

facts to raise plausible claims for relief that allow the court to draw the reasonable inference that Amazon Defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Accordingly, dismissal is not warranted with respect to Haney's claims of respondeat superior, negligent hiring, training, and supervision, and negligent entrustment against Amazon Defendants. Amazon Defendants' Rule 12(b)(6) Motion to Dismiss (#27) is DENIED.

SIGNED at Beaumont, Texas, this 2nd day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE